**RECEIVED**

**Sharon Davis, Pro Se UNDER DURESS**
PO Box 3092
Newark, New Jersey 07103

MAR – 5 2009

AT 8:30 _____ 4o24 0 M
WILLIAM T. WALSH, CLERK

| | |
|---|---|
| SHARON DAVIS PRO SE<br><br>       PLAINTIFF,<br><br>VS.<br><br>MAYOR CORY BOOKER, CITY OF NEWARK, NEWARK POLICE DEPARTMENT, DIRECTOR GARRY MCCARTHY, CHIEF ANTHONY CAMPOS, DEPUTY CHIEF BRYAN MORRIS, CAPTAIN SHEILAH COLEY, CAPTAIN RONALD KINDER, CAPTAIN ANTHONY RUGGIERO, CAPTAIN INEZ GONZALEZ, LIEUTENANT CHRISTOPHER FERRIS, LIEUTENANT ANTHONY CARUSO, LIEUTENANT DARRELL WHITE, LIEUTENANT DEREK WHITE, LIEUTENANT WILFREDO RODRIGUEZ, LIEUTENANT UMAR ABDUL-HAKEEM, SERGEANT JERRY CALABRESE, SERGEANT MICHAEL GILLENS, SERGEANT JOHN SIINO, DETECTIVE VINCENT VITIELLO, FRATERNAL ORDER OF POLICE, OFFICE OF AFFIRMATIVE ACTION, INSTITUTE FOR FORENSIC PSYCHOLOGY, NEWARK MUNICIPAL PROSECUTOR, INDIVIDUALLY AND UNDER COLOR OF STATE LAW, JOHN AND JANE DOES 1-99 (FICTITIOUS NAMES); XYZ CORPORATIONS 1-10, MUNICIPAL OR GOVERNMENTAL ENTITIES AND THEIR SUPERVISORS, AGENTS AND EMPLOYEES<br><br>       DEFENDANTS. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>Civil Action No.:<br><br>**COMPLAINT & JURY DEMAND** |

Pro se plaintiff, Sharon Davis (hereinafter referred to as "Pro se plaintiff under duress" unless otherwise indicated) hereby complains as follows against the aforementioned Defendants.

## I.  NATURE, JURISDICTION AND VENUE

1.     This is an action seeking equitable relief and legal relief for (1) a violation of 18 U.S.C. 4, (2) 18 U.S.C. 241, (3) 18 U.S.C. 242,  (4) 18 U.S.C. 245, (5) 18 U.S.C. 371, (6) 18 U.S.C. 1001(c)(1), (7) 18 U.S.C. 1038, (8) 18 U.S.C. 1513, (9) 18 U.S.C. 2340, (10) 42 U.S.C. 14141, (11) 42 U.S.C. 12101, (12) 42 U.S.C. 1983, (13) 42 U.S.C. 1985, (14) 42 U.S.C. 1986, (15) 42 U.S.C. 1988, (16) 42 U.S.C. 2000(e), (17) Conscientious Employee Protection Act, N.J.S.A. 34:19-1, (18) Retaliation in violation of Burlington Northern & Santa Fe Railway Co. v. White, 05-259 and (19) New Jersey Law Against Discrimination N.J.S.A. 10-5-1.

2.     Plaintiff pro se under duress, Sharon Davis, has received a Right to Sue Notice from the Equal Employment Opportunity Commission (EEOC) on the matter.  (Attached hereto as Exhibit A).  This court has jurisdiction over this action under Title 18, Title VII and 42 U.S.C. 2000(e).

3.     Venue is appropriate in this court due to the amount in dispute and the nature of claims asserted.

## II.  ADMINISTRATIVE EXHAUTION

4.     Pro se plaintiff under duress exhausted her administrative remedies because she timely filed charges of sexual harassment, ADA and retaliation and now files the instant lawsuit within the (90) days of receiving notice of dismissal from the Equal Employment Opportunity Commission (EEOC).

## III. PARTIES

5.     Pro se plaintiff under duress is an African-American female wrongfully terminated by the city of Newark Police Department and coerced into retirement.  On or about October 2004, pro se plaintiff under duress filed a Civil Action in the District Court of New Jersey under 2004cv05317.  Using subterfuge, this matter was dismissed in two parts.  The pro se plaintiff under duress appealed the matter to the 3rd Circuit Court of Appeals.  Two counts of retaliation under Title VII and New Jersey Law Against Discrimination were returned to the District Court of New Jersey.  Prior to the lawsuit and after this lawsuit was filed the pro se plaintiff was subjected to race discrimination, retaliation, harassment and hostile work environment.

6.     Cory Booker is the Mayor for the city of Newark, acting individually and under color of State law and at all relevant times herein, is a policymaker and decision maker regarding the actions of the city of Newark Police Department and in charge of correcting the retaliatory and discriminatory hostile work environment.

7.     The Newark Police Department was Pro se plaintiff under duress' employer and, at all relevant time herein, was a policymaker and decision maker.

8.     Garry McCarthy is the Police Director for the city of Newark, and at all relevant times herein, is a policymaker and decision maker and in charge of correcting the retaliatory and discriminatory hostile work environment.

9.     Anthony Campos was the Chief of Police for the city of Newark, and at all relevant times herein, was in charge of correcting the relatiatory and discriminatory hostile work environment.

3

10.     Bryan H. Morris was the Deputy Chief of Police for the city of Newark, and at all relevant times herein, was in charge of correcting the retaliatory and discriminatory hostile work environment.

11.     Sheilah Coley, Ronald Kinder, Anthony Ruggiero, Inez Gonzalez, Derek Glenn, Christopher Ferris, Anthony Caruso, Darrell White, Derek White, Umar Abdul-Hakeem, Wilfredo Rodriguez, Jerry Calabrese, Michael Gillens and John Siino all hold the title of Captain, Lieutenant or Sergeant. The aforesaid Defendants have acted with intense discriminatory retaliation and reprisal with their covert and collusive actions. These high-ranking members have engaged in Official Misconduct, while acting under color of State law. Each may be held individually liable for aiding and abetting the Employer's unlawful acts.

12.     There have been no internal investigations conducted on behalf of the Pro se plaintiff under duress, only investigations of those frivolous and fraudulent complaints that were made against her.

13.     The Fraternal Order of Police has discriminated and retaliated against the Pro se plaintiff under duress, while acting under color of State law, as a bargaining agent. Based upon information, the Fraternal Order of Police has and have been colluding with the city of Newark and its agents to negotiate penalties against officers in their absence. The Fraternal Order of Police has also provided benefits to select officers but have not provided such benefit to the Pro se plaintiff under duress.

14.     The Office of Affirmative Action has colluded with the Newark Police Department and its members by failing to properly investigate complaints that were filed

4

in their office by Pro se plaintiff and other officers (police and civilian) regarding sexual harassment and discriminatory practices by Lieutenant Anthony Caruso within the Communications Division.

15.     Based upon information and belief, the Institute of Forensic Psychology, has been retained by the city of Newark for many years, and has lost all aspects of being an independent referring agent or source for neutral evaluation.  Their counselors or psychologists purposely render officers unfit for duty and compromise their careers through unethical practices and methods.

16.     The Office of the Municipal Prosecutor, while acting under the color of State law, and acting jointly with agents of the Newark Police Department, initiated a fraudulent warrant against the Pro se plaintiff under duress.

17.     The Employer and all Defendants are liable, jointly and severally, and also, respondeat superior for the allegations of the within Complaint.

18.     XYZ Entities/Corporations (1-10) are the entities and corporations, as yet unidentified, that may be found to have been responsible for the actions that are the subject matter of this Complaint.

19.     John and Jane Does (1-99) are those individuals, as yet unidentified, who may have been responsible for the actions that are the subject matter of this Complaint.

## IV.  FACTUAL BACKGROUND

20.     On or about April 29, 2005, Pro se plaintiff under duress was transferred to the Communications Division of the Newark Police Department.  This is known to everyone as a "punishment detail".  Upon arrival, Lieutenant Anthony Caruso advised Pro se

5

plaintiff under duress that she had been transferred there because she was convalescent (light-duty). The Pro se plaintiff was in no way injured. Discriminatory and retaliatory actions continued to be taken against her and now she was being considered an individual with a disability. All other officers on the transfer list to the Communications Division were either convalescent or without a weapon.

21.     On or about May 4, 2005, Pro se plaintiff under duress submitted a report to Deputy Chief Bryan H. Morris regarding gross indifference towards Pro se plaintiff and others. There was no investigation of the matter.

22.     On or about June 7, 2005, Pro se plaintiff under duress submitted a report to Deputy Chief Bryan H. Morris regarding differential treatment and training difficulties. There was no investigation of this matter.

23.     On or about October 10, 2005, Pro se plaintiff under duress submitted a report to Chief Bryan H. Morris regarding Official Misconduct by supervisors of the police department. Lieutenant Derek White of the Internal Affairs Division sent her a letter stating that he had investigated the matter with negative findings. Lieutenant White never took a statement or spoke to her regarding the complaint.

24.     On or about December 3, 2005, Pro se plaintiff under duress submitted a report to Deputy Chief Bryan H. Morris regarding violation of Whistleblower Law and Harassment. Pro se plaintiff under duress had made a complaint about Lieutenant Ronald Kinder, thereafter, Pro se plaintiff was subjected to retaliation by means of surveillance at my private doctor's office in Elizabeth, New Jersey. This matter was not investigated.

25.     On or about December 28, 2005, Pro se plaintiff under duress submitted a report to Deputy Chief Bryan H. Morris regarding Dereliction of Duties of Internal Affairs Lieutenant Derek White.  This matter was never investigated.

26.     On or about February 2, 2006, Pro se plaintiff under duress is administratively charged with Neglect of Duty.  The investigation was handled by Lieutenant William Sanchez of the Internal Affairs Division.

27.     On or about February 3, 2006, Pro se plaintiff under duress is administratively charged with Absent Without Leave (AWOL).  This investigation was handled by Sergeant John Siino.  Even though it had been discovered that I had not been AWOL and the hours had been subtracted from my personal time.  Pro se plaintiff was still forced to report to Police Trials to answer the charge.

28.     On or about March 3, 2006, Pro se plaintiff under duress submitted a report to Deputy Chief Bryan H. Morris regarding retraining and routinely providing false information to the government.  This matter was not investigated.

29.     On or about March 10, 2006, Pro se plaintiff under duress submittied a report to Deputy Chief Bryan H. Morris regarding hostile work environment.  This matter was not investigated.

30.     On or about April 3, 2006, Pro se plaintiff under duress submitted a report to Deputy Chief Bryan H. Morris regarding reprisal and retaliation.  This matter was not investigated.

31.     On or about April 26, 2006, Pro se plaintiff under duress submitted a report

regarding egregious acts by Lieutenant Anthony Caruso. This matter was not investigated.

32.      On or about May 9, 2006, Pro se plaintiff under duress responded to the Office of Affirmative Action to report sexual harassment by Lieutenant Anthony Caruso. Darlene Noble never notified her of the outcome of an investigation.

33.      On or about June 6, 2006, Pro se plaintiff under duress submitted a report to Captain Anthony Ruggiero regarding preferential treatment and unscrupulous activity. This matter was not investigated.

34.      On or about July 7, 2006, Pro se plaintiff under duress submitted a report to Acting Captain Lieutenant Wilfredo Rodriguez. Acting Captain Lieutenant Rodriguez then approached her and stated, "Let me handle what goes on in the back office!" , with with the intent to intimidate the Pro se plaintiff under duress.

35.      On or about October 27, 2006, Pro se plaintiff under duress submitted a report to Captain Anthony Ruggiero regarding reprisal and retaliation by Lieutenant Anthony Caruso. Pro se plaintiff under duress also revealed in this report that a police officer that had been detailed to the Communications Division until he could get a felony conviction expunged from his record. Pro se plaintiff intentionally did not identify the officer in this report. The city of Newark, the Newark Police Department and its agents knowingly and purposely colluded and concealed this information. Claims against the city of Newark would have been astronomical had this information been made public. Economics over justice begets corruption.

40.     On or about January 16, 2007, Pro se plaintiff under duress was ordered to respond to Institute of Forensic Psychology. Dr. Virginia Wolffe stated that she did not know why I was there because she did not have paperwork for me but awaited a transmittal from Lieutenant Ronald Kinder.

41.     On or about January 25, 2007, Pro se plaintiff under duress submits a doctor's note notifying employer that pro se plaintiff would be out of work approximately six months. This note was submitted to the office of Medical Services/Lieutenant Ronald Kinder. Sergeant Jerry Calabrese charges Pro se plaintiff with Disobedience to Orders and Accessibility to Department Surgeons and Superior Officers. Defendants, while acting under color of State law continued to exacerbate Pro se plaintiff's condition.

42.     On or about February 15, 2007, Pro se plaintiff under duress was again ordered to respond to the Institute of Forensic Psychology. Pro se plaintiff signed forms with signature and words "under duress" . Dr. Guillermo Gallegos forced Pro se plaintiff to sign new forms without the wording. Dr. Gallegos excused pro se plaintiff after just thirty (30) minutes in his office. This contradicts the discovery material received through the Law Department that Dr. Gallegos' interview lasted approximately four hours, making his conclusion fraudulent because he had falsified reports.

43.     On or about March 26, 2007, Pro se plaintiff under duress was ordered to Police Trials. Pro se plaintiff received two six-day suspensions without pay.

10

44.    On or about April 23, 2007, Pro se plaintiff under duress was ordered to Police Trials. Pro se plaintiff was found guilty of Chapter 18:10 (Mental and Physical Capacity). Captain Richard Cuccolo stated that as of July 1, 2007, her position as a police officer would be terminated whether pension had gone through or not.

45.    On or about May 15, 2007, Pro se plaintiff under duress filed an attorney ethics complaint against Fraternal Order of Police Legal Defense plan attorney, Anthony Fusco, Esq.

46.    On or about June 5, 2007, Police Director Garry McCarthy issues an order of termination, terminating pro se plaintiff effective July 1, 2007.

47,    On or about June 15, 2007, Pro se plaintiff under duress had settlement conference at Office of Administrative Law. There was no appearance by a representative of the Fraternal Order of Police or the Legal Defense Plan. President Hatcher had existing knowledge that there was an issue regarding my legal counsel but failed to act on my behalf as the bargaining unit.

48.    On or about July 1, 2007, Pro se plaintiff under duress was terminated. Pro se plaintiff was not reasonably accommodated as Police Officers Peter Robles, Jacob Hernandez, Iris Rivera and others who were allowed to return to duty after stress related incidents.

49.    On or about August 3, 2007, Captain Derek Glenn issued a precinct memorandum with a picture of pro se plaintiff attached regarding a threat against

11

Lieutenant Anthony Caruso.  This has caused shame and embarrassment within the police community.

50.     On or about August 8, 2007, Detective Vincent Vitiello fraudulently signed a criminal complaint against Pro se plaintiff for Terroristic Threats.  The Municipal Prosecutor then aided and abetted this fraud by signing a warrant W-2007-02919.

## JURY DEMAND

51.     Pro se plaintiff under duress demands a trial by jury in this action.

## COUNT I
### (18 U.S.C. 4)

52.     Pro se plaintiff repeats and incorporates herein the above referenced paragraphs verbatim.

53.     Defendants have knowledge of Federal crimes and it is their intent to conceal such crimes.

## COUNT II
### (18 U.S.C. 241)

54.     Pro se plaintiff repeats and incorporates herein the above referenced paragraphs verbatim.

55.     Defendants have conspired to injure, oppress, threaten or intimidate the Pro se plaintiff by removing the free exercise or enjoyment of any right or privilege by means of silencing Pro se plaintiff with frivolous and fraudulent departmental charges, termination and criminal charges.

56.     Defendants have failed to investigate complaints made by Pro se plaintiff, as per Attorney General Guidelines.

## COUNT III
### (18 U.S.C. 242)

57.     Pro se plaintiff repeats and incorporates herein the above referenced paragraphs verbatim.

58.     Defendants, while acting under color of State law, have willfully deprived the Pro se plaintiff of rights protected by the Constitution and the laws of the United States.

59.     Defendants have failed to investigate complaints made by the Pro se plaintiff, as per Attorney General Guidelines.

60.     Defendants have terminated Pro se plaintiff's employment with the city of Newark, in retaliation for her numerous complaints.

61.     Defendants have lodged false criminal charges against the Pro se plaintiff, in retaliation of her numerous complaints.

62.     Defendants have filed false reports against the Pro se plaintiff, in retaliation for her numerous complaints.

## COUNT IV
### (18 U.S.C. 245)

63.     Pro se plaintiff repeats and incorporates herein the above referenced paragraphs verbatim.

64.     Pro se plaintiff has reported to the District Court of New Jersey, EEOC and Office of Affirmative Action violations of Civil Law as a Whistleblower, which is a protected activity.

65.     Defendants, while acting under color of State law or not, have willfully

13

threatened, intimidated or interfered with the pro se plaintiff's participating in or enjoying any benefit or privilege.

## COUNT V
(18 U.S.C. 371)

66.     Pro se plaintiff repeats and incorporates herein the above referenced paragraphs verbatim.

67.     Defendants have conspired to defraud the Federally funded government overtime fund 91-1.  Defendants have also conspired to conceal undocumented tardiness to defraud this fund.

## COUNT VI
(18 U.S.C. 1001)

68.     Pro se plaintiff repeats and incorporates herein the above referenced paragraphs verbatim.

69.     Defendants have knowingly and willfully provided fraudulent and false statements to the Office of Administrative Law in a removal action against the Pro se plaintiff.

## COUNT VII
(18 U.S.C. 1038)

70.     Pro se plaintiff repeats and incorporates herein the above referenced paragraphs verbatim.

71.     Defendants have engaged in the common practice of conveying false information to the Government and other agencies by means of utilizing unscrupulous actors in reopening high priority assignments, i.e. 700, 600 codes and recoding them to

lower priority assignments, i.e. 200 codes. Defendants are hoaxing the Government and other agencies to believe that the needs of the citizens are being addressed in a timely fashion.

72.     Defendants have engaged in the common practice of conveying false information to the Government and other agencies with undocumented tardiness.

## COUNT VIII
### (18 U.S.C. 1513e)

73.     Pro se plaintiff repeats and incorporates herein the above referenced paragraphs verbatim.

74.     Defendants have knowingly retaliated against the Pro se plaintiff that has been a victim, witness and informant of the Newark Police Department in reporting corruption.

75.     Defendants have knowingly interfered with Pro se plaintiff's lawful employment after revealing truthful information relating to the commission or possible commission of Federal offenses.

76.     Defendants have knowingly filed false reports, wrongfully terminated and lodged false criminal charges against the Pro se plaintiff.

## COUNT IX
### (18 U.S.C. 2340)

77.     Pro se plaintiff repeats and incorporates herein the above referenced paragraphs verbatim.

78.     Defendants, while acting under color of State law, specifically intended to inflict severe physical or mental pain upon Pro se plaintiff.

15

79.    Defendants, while acting under color of State law, conspired and falsely deemed plaintiff "convalescent".  Defendants then transferred Pro se plaintiff to a "punishment detail" in the Communications Division.

80.    Pro se plaintiff made painstaking efforts to report wrongdoings but her cries were not answered, instead frivolous and false complaints were lodged against her.

81.    Defendants, while acting under color of State law, terminated the Pro se plaintiff's employment with the city of Newark.

82.    Defendants, while acting under color of State law, lodge false criminal charges against Pro se plaintiff.

83.    As a direct and proximate result of Defendants' actions, pro se plaintiff has suffered from deprivation of precious Constitutional rights, mental anguish, physical discomfort, pain and suffering, while in the control of the Defendants.

## **COUNT X**
### (42 U.S.C. 14141)

84.    Pro se  plaintiff repeats and incorporates herein the above referenced paragraphs verbatim.

85.    Defendants have shown a pattern and practice of retaliation for complaints made by Pro se plaintiff.

## **COUNT XI**
### (42 U.S.C. 1983)

86.    Pro se plaintiff repeats and incorporates herein the above referenced paragraphs verbatim.

16

87.     Defendants conspired to violate the Pro se plaintiff's constitutional rights as set forth in the United States Constitution by denying her the rights and protections conveyed by the Constitution to include but not limited to freedom of speech, in violation of 42 U.S.C. 1983. Defendants failed to properly train and supervise its employees or agents.

88.     As a direct and proximate result of Defendants' actions, pro se plaintiff has suffered the deprivation of precious Constitutional rights, mental anguish, physical discomfort, pain and suffering, embarrassment and/or aggravation of a previously existing mental or emotional and physical condition. Pro se plaintiff has suffered lost wages, diminished ability to earn a living, and a diminished capacity to enjoy Pro se plaintiff's life. The pro se plaintiff is also facing foreclosure of her home.

## **COUNT XII**
(42 U.S.C. 1985)

89.     Pro se plaintiff repeats and incorporates herein the above referenced paragraph verbatim.

90.     Defendants conspired to violate Pro se plaintiff's constitutional rights as set forth in the United States Constitution by denying her the rights and protections conveyed by the Constitution to include but not limited to freedom of speech, in violation of 42 U.S.C. 1985.

91. As a direct and proximate result of Defendants' actions, pro se plaintiff has suffered the deprivation of precious Constitutional rights, mental anguish, physical discomfort, pain and suffering, embarrassment and/or aggravation of a previously

17

existing mental or emotional and physical condition.  Pro se plaintiff has suffered lost wages, diminished ability to earn a living, and a diminished capacity to enjoy Pro se plaintiff's life.  The pro se plaintiff is also facing foreclosure of her home.

## COUNT XIII
### (42 U.S.C. 1986)

92.     Pro se plaintiff repeats and incorporates herein the above reference paragraphs verbatim.

93.     Defendants conspired to violate Pro se plaintiff's constitutional rights as set forth in the United States Constitution by denying her the rights and protections conveyed by the Constitution to include but not limited to freedom of speech, in violation of 42 U.S.C. 1986.

94.     As a direct and proximate result of Defendants' actions, pro se plaintiff has suffered the deprivation of precious Constitutional rights, mental anguish, physical discomfort, pain and suffering, embarrassment and/or aggravation of a previously existing mental or emotional and physical condition.  Pro se plaintiff has suffered lost wages, diminished ability to earn a living, and a diminished capacity to enjoy Pro se plaintiff's life.  The pro se plaintiff is also facing foreclosure of her home.

## COUNT XIV
### (42 U.S.C. 1988)

95.     Pro se plaintiff repeats and incorporates herein the above referenced paragraphs verbatim.

96. Defendants conspired to violate Pro se plaintiff's constitutional rights as set

18

forth in the United States Constitution by denying her the rights and protections conveyed by the Constitution to include but not limited to freedom of speech, in violation of 42 U.S.C. 1988.

97.     As a direct and proximate result of Defendants' actions, pro se plaintiff has suffered the deprivation of precious Constitutional rights, mental anguish, physical discomfort, pain and suffering, embarrassment and/or aggravation of a previously existing mental or emotional and physical condition.  Pro se plaintiff has suffered lost wages, diminished ability to earn a living, and a diminished capacity to enjoy Pro se plaintiff's life.  The pro se plaintiff is also facing foreclosure of her home.

## COUNT XV
(42 U.S.C. 2000e)

98.     Pro se plaintiff repeats and incorporates herein the above referenced paragraphs verbatim.

99.     Pro se plaintiff is a member of the class of persons protected under 42 U.S.C. 2000(e) based upon her race.

100.    Defendants have participated in, acquiesced, ratified and/or permitted race discrimination in violation of 42 U.S.C. 2000 (e).

101.    Pro se plaintiff has also been treated in a disparate manner on the basis of race.

102.    As a direct and proximate result of the Defendants' actions, including the actions of John & Jane Doe Entities/Corporations and the John and Jane Does, Pro se plaintiff has been harmed.

## COUNT XVI
(42 U.S.C. 2000e)

103.    Pro se plaintiff repeats and incorporates herein the above referenced paragraphs

verbatim.

104.    By way of her internal complaints regarding discrimination and disparate

treatment, Pro se plaintiff has engaged in "protected" activity.

105.    Defendants have participated in, acquiesced, ratified and/or permitted race

discrimination in violation of 42 U.S.C. 2000 (e).

106.    As a direct and proximate result of the Defendants' actions, including the

actions of John & Jane Doe Entities/Corporations and the John and Jane Does, Pro se

plaintiff has been harmed.

## COUNT XVII
(CEPA N.J.S.A. 34:19-1)

107.    Pro se plaintiff repeats and incorporates herein the above referenced paragraph

verbatim.

108.    Defendants failed to initiate investigations based on Pro se plaintiff's many

complaints.

109.    Defendants then retaliated against Pro se plaintiff because she revealed to the

EEOC, Office of Affirmative Action and District Court of New Jersey under

2004cv05317, violations of the law.

110.    The above actions of the Defendants demonstrate that they are in violation of

the Conscientious Employee Protection Act.

111.     As a direct and proximate result of Defendants' actions, pro se plaintiff has

suffered the deprivation of precious Constitutional rights, mental anguish, physical

discomfort, pain and suffering, embarrassment and/or aggravation of a previously

existing mental or emotional and physical condition.  Pro se plaintiff has suffered lost

wages, diminished ability to earn a living, and a diminished capacity to enjoy Pro se

plaintiff's life.  The pro se plaintiff is also facing foreclosure of her home.

### COUNT XVIII
(Retaliation)

112.     Pro se plaintiff repeats and incorporates herein the above referenced paragraphs

verbatim.

113.     The foregoing facts and circumstances demonstrate that Defendants have

violated their common law obligations set forth by the United States Supreme Court in

Burlington Northern & Santa Fe Railway Co. v. White, No. 05-259, Pierce v. Ortho

Pharmaceutical Corp., 84 N.J. 58 (1980) and Moore v. City of Philadelphia,

461 F.3d 331 (3d Cir. 2006).

114.     As a direct and proximate result of Defendants' actions, pro se plaintiff has

suffered the deprivation of precious Constitutional rights, mental anguish, physical

discomfort, pain and suffering, embarrassment and/or aggravation of a previously

existing mental or emotional and physical condition.  Pro se plaintiff has suffered lost

wages, diminished ability to earn a living, and a diminished capacity to enjoy Pro se

plaintiff's life.  The pro se plaintiff is also facing foreclosure of her home.

115.     Pro se plaintiff has been subjected to a hostile work environment and various

21

egregious employment actions, including but not limited to: frivolous departmental complaints, oral reprimands, tour changes, wrongful termination and coerced retirement, in retaliation for her complaints.

### COUNT XIV
(N.J.L.A.D N.J.S.A. 10:5-1)

116.   Pro se plaintiff repeats and incorporates herein the above referenced paragraphs verbatim.

117.   Defendants' actions, as set forth above, including the actions of the John & Jane Doe Entities/Corporations and the John and Jane Does are contrary to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1.

118.   As a direct and proximate result of Defendants' actions, pro se plaintiff has suffered the deprivation of precious Constitutional rights, mental anguish, physical discomfort, pain and suffering, embarrassment and/or aggravation of a previously existing mental or emotional and physical condition. Pro se plaintiff has suffered lost wages, diminished ability to earn a living, and a diminished capacity to enjoy Pro se plaintiff's life. The pro se plaintiff is also facing foreclosure of her home.

### PRAYER FOR RELIEF

**WHEREFORE**, Pro se plaintiff prays for judgement against the Defendants jointly and severally as follows:

A.   Criminal prosecution of all claims noted under the Racketeer Influenced Corrupt Organization act;

B.   Compensatory relief in the relief form of $25,000,000;

C.   Damages for lost wages and benefits, back pay, front pay;

22

D.    Damages for humilation, mental and emotional anguish;

E.    Statutory damages, if applicable;

F.    Punitive damages and/or liquidated damages as permitted by law;

G.    Any other award and equitable relief allowed by statute, or pursuant

to the equitable and just power of the Court to which Pro se plaintiff

is entitled.

Pro se plaintiff hereby reserves the right to amend this Complaint to supplement

or modify the factual obligations and claims contained herein, based upon information

received from the Defendants, witnesses, experts and others in the course of discovery

in this matter.

## CERTIFICATION OF OTHER ACTION

I hereby certify that there is a Civil Action pending in the District Court of New Jersey to which I am a pro se plaintiff under 2004cv05317.

DATED:    March 5, 2009

By: _____

Sharon Davis, pro se under duress

23

# EXHIBIT A

EEOC Form 161 (2/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Sharon Davis<br>1029 E. Blancke Street<br>Linden, NJ 07036 | From: | Newark Area Office<br>1 Newark Center<br>21st Floor<br>Newark, NJ 07102 |
|---|---|---|---|

| [ ] | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 524-2007-00614 | Amparo Soto,<br>Supervisory Investigator | (973) 645-6016 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** **before you file suit may not be collectible.**

On behalf of the Commission

_[signature]_

Corrado Gigante,
Director

DEC 0 4 2008

(Date Mailed)

Enclosures(s)

cc:
Joann Watson
Corporation Counsel
CITY OF NEWARK/LAW DEPT.
920 Broad Street
Newark, NJ 07102

Aney K. Chandy, Esq.
920 BROAD STREET
Newark, NJ 07102