NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHARON DAVIS, | : |
| Plaintiff, | : |
| v. | : Civ. No.09-1032 (GEB) |
| CITY OF NEWARK, ET AL., | : **MEMORANDUM OPINION** |
| Defendants. | : |

**BROWN, Chief Judge**

This matter comes before the Court upon the joint motion of various individually named Defendants (collectively "Defendants") to dismiss the amended complaint filed *pro se* by Plaintiff Sharon Davis ("Davis") against them in this case.[1] (Doc. No. 61.) Davis has filed no opposition to Defendants' present motion. (Doc. No. 67.) The Court has considered the present motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Having done so, the Court will grant Defendants' motion and dismiss Davis' amended complaint with prejudice for the reasons that follow.

I.  **BACKGROUND**

Davis, a female African-American, filed the amended complaint that forms the operative pleading in this matter on October 23, 2009. (Doc. No. 48.) Davis' lengthy amended complaint names as Defendants the City of Newark, various Newark Police Department officers, the

---

[1] The Court notes that Davis is currently represented by counsel, as she has been at various intervals throughout this litigation. It appears, however, that Davis was *pro se* when the amended complaint was filed.

Institute for Forensic Psychology, and various John and Jane Does.  Davis' allegations against these various Defendants are presented in a 133 paragraph, 27 page narrative that culminates with Davis' assertion that the various Defendants deprived her of her *First Amendment* right to free speech.[2]  Davis specifically seeks a remedy for these alleged deprivations pursuant to 42 U.S.C. 1983 in Counts One, Two, Three, Four, and apparently also in Count Five of her amended complaint.  Further, in Counts Six and Seven of her amended complaint, Davis alleges that she was discriminated against, harassed, and retaliated against on the basis of her race and gender in violation of Title VII.  Finally, in Counts Eight through Eleven of her amended complaint, Davis asserts various causes of action under New Jersey state statutory and common law.

      On December 18, 2009, Defendants filed their present motion to dismiss Davis' amended complaint, and therein argue on various grounds that Davis has failed to state any claim upon which relief can be granted.  After the present motion was filed, Davis retained new counsel.  In light of that, the Court granted Davis' counsel additional time to review this matter and file opposition to Defendants' present motion. (Doc. No. 67.)  Davis' counsel declined to file opposition to Defendants' present motion, and instead stated that Davis would rely upon a letter apparently filed by Davis *pro se* in relation to a different motion. (Doc. No. 66.)  On March 22, 2010, Defendants filed a short reply brief that reinforced the arguments lodged in Defendants' motion brief. (Doc. No. 71.)  Having considered the various submissions in this matter, the Court concludes that Defendants' motion should be granted and that Davis' amended complaint should be dismissed with prejudice for the following reasons.

---

[2] For the sake of efficiency, all of Davis' voluminous factual allegations shall not be detailed as they are generally not relevant to the Court's decision in this matter.

## II.     DISCUSSION

### A.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted.  With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In making this determination, a court must engage in a two part analysis. *See Ashcroft v. Iqbal*, -- U.S. --, --, 129 S. Ct. 1937, 1949-50 (2009); *Fowler*, 578 F.3d at 210-11.  First, the court must separate factual allegations from legal conclusions.  *See Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief."  *Id.* at 1950. Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense."  *Id.*  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible.  *See id.*

Further, since Davis was *pro se* when she filed the amended complaint, the Court shall apply a more liberal standard of review to her claims.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Wade v. Yeager*, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition

3

made without the benefit of counsel must be read with a measure of tolerance); *United States ex. rel Montgomery v. Brierley*, 414 F.2d 552 (3d Cir. 1969) (stating that *pro se* petitions should be liberally construed).

    **B.**    **Application**

        *1.*    *Davis' Claims Pursuant to 42 U.S.C. Section 1983*

In the first five counts of her amended complaint, Davis seeks a remedy pursuant to 42 U.S.C. Section 1983 for Defendants' alleged deprivation of Davis' *First Amendment* right to free speech. In support of their present motion, Defendants argue that Davis' claims must be dismissed because the speech upon which Davis' allegations are based is not protected by the *First Amendment*, and as a result, Davis' Section 1983 claims must fail. The Court agrees.

A plaintiff may have a cause of action under 42 U.S.C. Section 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. Section 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

In this case, at all times relevant to the factual assertions in the amended complaint, Davis was a Newark police officer, and therefore, a government employee. As Defendants correctly point out, the Supreme Court has recently reinforced that a court must make two inquires to determine whether a government employee's speech is protected by the *First Amendment*, as follows:

> The first requires determining whether the employee spoke as a citizen on a matter of public concern. If the answer is no, the employee has no *First Amendment* cause of action based on his or her employer's reaction to the speech. If the answer is yes, then the possibility of a *First Amendment* claim arises. The question becomes whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public.

*Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006) (internal citations omitted). The Court went on to clarify, however, that "[u]nderlying our cases has been the premise that while the *First Amendment* invests public employees with certain rights, it does not empower them to 'constitutionalize the employee grievance.'" *Id.* at 420, citing *Connick v. Myers*, 461 U.S. 138, 154 (1983).

Applying the foregoing standard in light of Davis' *pro se* status when the amended complaint was filed, Davis' Section 1983 claims fail as a matter of law because the speech at issue is not protected by the *First Amendment*. In her amended complaint, Davis appears to base her *First Amendment* claims on two categories of speech. The first category focuses on a police report Davis submitted on September 24, 2004, regarding an incident at a Newark-area high school. The second category focuses on the myriad internal grievances regarding alleged discrimination, harassment, and retaliation that Davis submitted via various mediums to various

Newark Police Department officials over the course of several years.[3]  Neither category is protected speech.

The first category surrounding the Sept. 24, 2004 police report plainly fails under the first inquiry of the *Garcetti* analysis.  At the time Davis filed the Sept. 24, 2004 police report, she was a Newark police officer.  As such, in filing that report, Davis was not acting as a private citizen, but rather was acting squarely within her official duties.  Therefore, Davis cannot base a *First Amendment* claim upon the filing of that police report and the events that allegedly resulted therefrom.  Next, the second category surrounding Davis' myriad internal grievances plainly fails under the Supreme Court's decisions in both *Connick* and *Garcetti,* which establish that a government employee's speech related to a grievance is not protected by the *First Amendment*.

Therefore, in sum, Davis' claims for a remedy pursuant to 42 U.S.C. Section 1983 must fail because the speech upon which she bases her claims is not protected by the *First Amendment*.  As a result, the Court will dismiss Davis' Section 1983 claims in Counts One through Five of her amended complaint with prejudice.

### 2. *Davis' Claims Pursuant to Title VII*

In Counts Six and Seven of her amended complaint, Davis alleges that she was discriminated against, harassed, and retaliated against by Defendants based upon her race and/or her gender in violation of Title VII.  In support of their present motion, Defendants argue that Davis' claims must be dismissed because Davis' amended complaint fails to allege facts sufficient to state a plausible claim upon which relief can be granted under Title VII.  The Court

---

[3] The Court notes that much of the conduct alleged in these grievances is the basis of another suit Davis currently maintains against the City of Newark and various Newark officials in this Court, *Sharon Davis v. City of Newark, et al.,* Civ. No. 04-5317 (GEB).

agrees.

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's race, color, religion, sex or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). The statute permits individuals to bring claims where they are forced "to work in a discriminatorily hostile or abusive environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). "The statutory basis for these claims is the notion that discriminatory ridicule or abuse can so infect a workplace that it alters the terms or conditions of the plaintiff's employment." *Jensen v. Potter*, 435 F.3d 444, 449 (3d Cir. 2006). Further, Title VII makes it an unlawful employment practice "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this title . . . ." 42 U.S.C. § 2000e-3(a)(1).

Applying the factual allegations lodged in Davis' amended complaint to the foregoing legal standard in light of Davis' then-*pro se* status, the Court concludes that Davis has entirely failed to state a plausible claim that Defendants violated Title VII. As the Court has noted, in order to avoid dismissal at the pleading stage, Davis is required to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 570. With regard to her Title VII allegations, Davis simply has not done so. At a few points in her 27 page amended complaint, Davis states that she is a female African-American, then baldly asserts that various Defendants' alleged actions were the result of discriminatory animus. This is insufficient to state a claim under Federal Rule of Civil Procedure 12(b)(6) because, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. In this

case, despite its lengthy, rambling, and largely irrelevant factual allegations, Davis' amended complaint offers nothing more. Indeed, Davis does not clearly attempt to delineate instances of alleged racial versus gender discrimination – a critical omission as it appears some of the Defendants in question are either female, a minority, or possibly both.

Therefore, pursuant to *Iqbal*, this Court not only concludes that Davis has failed to allege sufficient facts to support the inference that Davis has a plausible claim for relief under Title VII, but further concludes that Davis' voluminous complaint is so devoid of factual substance that Davis cannot possibly state a claim under Title VII. As a result, the Court will dismiss Counts Six and Seven of Davis' amended complaint with prejudice.

        3.     *Davis' Remaining Claims.*

Federal jurisdiction in this case was based upon the federal questions presented in Counts One through Seven of Davis' amended complaint which the Court will dismiss with prejudice. The remaining claims in Davis' amended complaint are based upon New Jersey statutory and common law. In light of the absence of any federal claim, the Court will not exercise supplemental jurisdiction over Davis' state law claims pursuant to 28 U.S.C. § 1367. A District Court, pursuant to 28 U.S.C. § 1367(c)(3), "may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." *Edlin Ltd. v. City of Jersey City*, No. 07-3431, 2008 U.S. Dist. LEXIS 41118, at *24 (D.N.J. May 23, 2008) (citing *Atkinson v. Olde Economie Fin. Consultants, Ltd.*, No. 05-772, 2006 U.S. Dist. LEXIS 54289, at *5 (W.D. Pa. Aug. 4, 2006)). This determination is discretionary and "[t]he general approach is for a district court to . . . hold that supplemental jurisdiction should not be exercised when there is no longer any basis for original jurisdiction."

*Id.*; *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) ("pendent jurisdiction 'is a doctrine of discretion, not of plaintiffs right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons") (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Applying this standard to the procedural posture in this case, the Court shall decline in its discretion to exercise supplemental jurisdiction over Davis' remaining state law claims.

### III.   CONCLUSION

For the reasons noted above, the Court will dismiss Davis' federal claims in Counts One through Seven of the amended complaint with prejudice. In the absence of any additional federal claims, the Court will decline to exercise supplemental jurisdiction over Davis' remaining state law claims. As a result, the Court will dismiss Davis' entire amended complaint with prejudice. In light of the foregoing, the Court will order the Clerk of the Court to close this case. An appropriate form of order accompanies this memorandum opinion.

Dated: September 10, 2010

                                               /s/ Garrett E. Brown, Jr.
                                          GARRETT E. BROWN, JR., U.S.D.J.